UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ERMA JEAN HOLLOWAY WEST,

Plaintiff,

v.                              606CV064

LEWIS COLOR LITHOGRAPHERS,

Defendant.

## ORDER

A Magistrate Judge granted Erma Jean Holloway West leave to *in forma pauperis* file this employment discrimination case against her former employer, Lewis Color Lithographers. Doc. # 2. After 9 months of inactivity, the Court *sua sponte* dismissed it under S.D.GA.LOC.R. 41.1(c). Doc. # 4. However, it did not first provide plaintiff notice as required by that rule:

**LR 41. DISMISSAL OF ACTION**

**LR 41.1 For Want of Prosecution.** In the following instances and in other instances provided by law or court rules, the assigned Judge may, *after notice* to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice:

(a) Failure to permit or provide discovery within the time set forth in an order compelling discovery;

(b) Willful disobedience or neglect of any order of the Court; or

(c) Any other failure to prosecute a civil action with reasonable promptness.

S.D.GA.LOC.R. 41.1 (emphasis added). Although the notice requirement is textually limited to counsel of record, it has been this Court's practice to also apply the requirement to *pro se* litigants.[1]

It is in that light that West moves for reconsideration. Doc. # 6. In it she explains that she has been tending to her dying sister, who just passed away. *Id.* at 1. Now she would like her case reactivated. *Id.* She filed this motion 27 days after entry of judgment against her, however, so it is too late to invoke F.R.Civ.P. 59(e) (such motion "shall be filed no later than 10 days after entry of the judgment"). That leaves F.R.Civ.P. 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), which must be filed "not more than one year after judgment." Rule 60(b)(1). The Court may be said to have made a mistake by failing to give West notice, and West filed her motion within one year, so the Court **GRANTS** her Rule 60(b)(1) motion (doc. # 6) and thus **VACATES** its Dismissal Order and Judgment (doc. ## 4, 5).

But the Court is granting relief only because of its misstep in applying Local Rule 41.1 (*i.e.*, lack of pre-dismissal notice and an opportunity to be heard). Plaintiff must still show the Court good cause, within the meaning of F.R.Civ.P. 4(m),[2] why it should not dismiss her case

---

[1] The Clerk is directed to send a copy of this opinion to the Court's Local Rules Committee for the purpose of considering an amendment to this rule so that unrepresented parties receive equal treatment.

[2] That rule provides:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the

without prejudice for failing to comply with that rule's 120-day limit.

In that regard, the Eleventh Circuit recently reminded a *pro se* litigant that "although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, ___ F.3d ___, 2007 WL 1814677 at * 2 (11th Cir. 6/26/07) (quotes and cite omitted); *see also Roberts v. Georgia*, 2007 WL 1034731 at * 1 (11th Cir. 4/6/07) (unpublished); *Clark v. Argutto*, 221 Fed.Appx. 819, 2007 WL 738673, *4 (11th Cir. 2007) (district court properly dismissed without prejudice federal, *pro se* inmate's claims against defendants for failure to serve them within Rule 4(m)'s time frame, his failure to request an extension of time for service, and his failure to show good cause for extending service period). West must comply with the procedural rule here, Rule 4(m), and any "failure to understand [it] does not excuse [her] failure to provide timely service." *Cain v. Abraxas*, 209 Fed.Appx. 94, 96 (3rd Cir. 2006).

The Court will thus give her 20 days from the date this Order is served to do so. Given what she asserts thus far, however, pause must be taken to note what has already transpired in this case, and thus prevent any repetition. *Pro se* litigants sometimes claim that they have contacted the Court's Clerk's office and received some sort of advice. West claims that

> I have contacted the Clerk of Court's office several times to get the status of my case. I was told that there were several other cases being reviewed also, and when they get back to my case, I would receive some papers in the mail from the judge to complete and return to the court. I was waiting to hear from the court. The other times I called I was told that my case was still active. I filled out papers to see if the court would waive the court fees. They did, I explained to them about my sister, who had a critical illness....

Doc. # 6 at 1.

Court clerks are public *servants* and thus are encouraged to be helpful to the public. But no litigant may ask for or receive substantive advice of any kind from this Court's Clerk, and certainly no one may *rely* on any such advice even if it is (wrongfully at that) dispensed. On substantive matters,[3] including whether a litigant is free to disregard filing deadlines or wait around for someone to tell her to start litigating her case, the Clerk is simply *not* authorized to speak for the Court. The national and local procedural rules (especially those that establish time limits for filing things like a notice of appeal, for serving process, etc.), as well as the court system as a whole, would quickly degenerate were litigants able to claim that "I called the Clerk's office and they said I

---

court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Rule 4(m); *see also Thomas v. Box*, 2007 WL 1266055 at * 1 (11th Cir. 5/2/07) (unpublished).

[3] This is different from ministerial advice, *e.g.*, the number of copies of something that must be filed.

could have extra time to file that," or that the Clerk excused some other filing requirement, etc. Unless a *written* court ruling or notice permits otherwise, no litigant may claim, for example, "I was waiting to hear from the court" as an excuse for inaction where the rules demand action.

For that matter, West's above-excerpted assertions, even if accepted as true, do not support her position. The record shows that the "papers" on which West waited to "waive the court fees" (*i.e.*, the Magistrate Judge's Order granting her leave to proceed *in forma pauperis* (IFP)) in fact were sent to her on 7/20/06, doc. # 2, and West knows this because she then filed her complaint on 8/8/06. Doc. # 3. This Court focused on the complete-inactivity period *after* she filed her complaint when it Rule 41.1(b)-dismissed it. Doc. # 4 at 1 ("The complaint in this case was filed August 8, 2006. There has been no effort on behalf of the plaintiff to press this case forward after that date. The Court will not allow cases to remain on the active docket when it appears that nothing is being done to prosecute the issues to a timely disposition").

West therefore must now show good cause, within the meaning of Rule 4(m), why she did *nothing* through 5/29/07, when the Court entered its Rule 4(m)-dismissal. In that regard, "good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotes, alterations and cite omitted). Again, West may *not* cite any "Clerk's office advice" here.

In that regard, it is significant that West followed the same path as the plaintiff in *Nelson v. Amerus Life Ins. Co., Inc.*, 2007 WL 1521506 (S.D.Miss. 5/21/07) (unpublished), where

the plaintiff never filed a motion asking for an extension of the deadline to serve the ... defendants, before or after the [Rule 4(m), 120-day] deadline had passed. She alleges difficulty in serving the ... defendants after the 120-day period had expired, which she attributes to evasion by [a defendant]. The Court does not find sufficient evidence of evasion; furthermore, these attempts at service were made *after*, not before, expiration of the 120-day period. The plaintiff has offered no explanation as to why more attempts to effect service were not made within the time limit, nor any explanation as to why she failed to request additional time from this Court to consummate service.

2007 WL 1521506 at * 2 (emphasis added). Thus, it seems unlikely here that West will be able to show Rule 4(m) good cause.

But even if she fails to do that, the Court must still *consider*, prior to dismissing her case, whether any other circumstances warrant an extension of time based on the facts of the case. *Lepone-Dempsey,* 476 F.3d at 1282. This includes whether any statute of limitations might run. *Id.* However, "[w]hile the running of the limitations period is a factor the district court may *consider* in determining whether to dismiss a complaint under Rule 4(m), the district court is not *required* to give this controlling weight." *Boston v. Potter*, 185 Fed.Appx. 853, 854 (11th Cir. 2006) (emphasis added).

Courts applying Rule 4(m) after *Lepone-Dempsey* have been fairly forgiving. In *Harvill v. Wyeth*, 2007 WL 1362671 (M.D.Fla. 5/7/07) (unpublished), the court specifically noted that "Rule 4(m)-cause" plaintiffs there failed to "state that the statute of limitations have actually expired, nor have they briefed this issue. Despite the fact that [p]laintiffs have not shown that the

3


statute of limitations would bar the re-filed action, the Court [decided to] give [them] one final chance to serve all of the defendants." *Id.*, 2007 WL 1362671 at * 1. And in *Rhodan v. Schofield*, 2007 WL 1810147 (N.D.Ga. 6/19/07) (unpublished), a prisoner civil rights action, the mere probability of a successful time-bar defense following a Rule 4(m) dismissal was deemed sufficient good cause to deny a motion calling for just that. *Id.* 2007 WL 1810147 at * 5 ("Such a ruling, however, would functionally bar Rhodan's claim since the statute of limitations has now run. This harsh result is 'good cause' to enlarge the 120-day period").

That treatment contrasts with cases where litigant indolence is accompanied by no limitations bar. *Gambuti v. Georgia*, 2007 WL 1087441 at * 1 (M.D.Ga. 4/9/07) (unpublished) (no Rule 4(m) good cause where the plaintiff was simply negligent in finding his would-be defendant's address and the limitations statute for his claim had not yet run); *Sokolik v. Prison Health Services, Inc.*, 2007 WL 1491041 at * 1 (S.D.Ga. 5/18/07) (unpublished) (reminding *pro se* inmate that, while he may, because of his incarcerated status, rely on the U.S. Marshall to serve his Complaint, the burden remains on him to ascertain his would-be defendant's address and timely notify the Marshal's Service; Rule 4(m) dismissal awaits him if he does not).

In making her good cause showing here, plaintiff West is reminded that the Court will not accept her claim that she was an overburdened caretaker, as it is hard to fathom that she did not even have time to at least request an extension or otherwise notify the Court (in a *written* extension motion, and *not* via phone chats with clerical staff) of her travails. And again, *no one* may rely on advice from docketing clerks, who are not authorized to advise any litigants about what their rights and obligations are. Finally, as noted earlier, plaintiff's explanation about her interaction with the Clerk's office goes to her IFP motion, and does not account for the period after she filed her complaint. Mere telephonic communication of personal difficulties to a docketing clerk simply does *not* satisfy Rule 4(m)'s good cause requirement.

Likely West can credibly claim that she is untrained in the law and thus was unaware of Rule 4(m)'s requirements, and that it did not dawn on her to move for an extension. However, while courts construe *pro se* filings liberally, *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007), they *cannot* excuse compliance with the rules. *Albra*, 2007 WL 1814677 at * 2; *Smith Bey v. Gibson*, 2007 WL 778626 at * 1 n. 2 (D.Colo. 3/9/07) (unpublished) ("*Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court").

That result may not be fair -- the represented have counsel who stay abreast of and thus ensure compliance with court rules, while *pro se* litigants suffer losses from understandable ignorance of them. Redressing such iniquity, however, is a political choice for Congress to address, not the judiciary. *See, e.g.*, 28 U.S.C. § 1915(e)(1) ("the court may *request* an attorney to represent any person unable to afford counsel" (emphasis added)).[4] Suffice it to say, in the meantime, that if the rules were applied only to the represented, then the unrepresented could easily overwhelm dockets with non-deadline driven filings and thus bog the entire

---

[4] That's all that Congress has chosen to do. It is not for this Court to "judicially legislate" any further.

justice system down. The Court thus cannot accept ignorance of Rule 4(m) as "good cause" here.

That still leaves the statute of limitations factor, and the Eleventh Circuit's instruction to consider excusing Rule 4(m) noncompliance *anyway*. West raises discrimination based on a physical disability (hence, she appears to raise an ADA claim),[5] as well as based on her race (black). Doc. # 1 at 4-5, 8. Her EEOC Right to Sue letter is dated 5/16/06. Doc. # 1 at 12. She does not indicate when she received it, but she filed this case on 7/13/06, within the 90-day limitations period. *See Miller v. Georgia*, 2007 WL 812056 at * 2 (11th Cir. 3/15/07) (unpublished) ("Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1)...."); *Cain*, 209 Fed.Appx at 97. The same limitations period applies for ADA claims.[6]

A Rule 4(m) dismissal, then, will place her beyond the limitations period. And *Miller* shows that Georgia's renewal statute may not be invoked to revive a time-barred case, thus requiring West to show entitlement to "the 'extraordinary remedy' of equitable tolling...." *Miller*, 2007 WL 812056 at * 3 (former state employee's filing of civil rights complaint, that was later dismissed without prejudice under Rule 4(m), did not automatically toll 90-day limitations period for a future civil rights complaint against the state).

West is not yet in the *Miller* zone (the Court has not dismissed her case under Rule 4(m)). She thus may invoke *Lepone-Dempsey* to obtain "discretionary good cause" relief under Rule 4(m). *Lepone-Dempsey*, 476 F.3d 1277, 1281; *see also Coates v. Shalala*, 914 F.Supp. 110, 112 (D.Md. 1996) (In government employee's Title VII action against government, district court would extend time for government employee to serve summons and complaint on the United States Attorney's office, though the government employee did not argue there was good cause as to why he failed to effect service within prescribed time limit, where government employee was acting *pro se* at time of service, and dismissal of action without prejudice would effectively bar the employee's claim), *cited in* 4B 5B Wright & Miller: FED. PRAC. & PROC. § 1137 (*Time Limit for Service*) (2007).

To summarize, the Court **GRANTS** plaintiff Erma Jean Holloway West's Rule 60(b)(1) motion (doc. # 6) and thus ***VACATES*** its Dismissal Order and Judgment (doc. ## 4, 5). Within 20 days of the date this Order is served, however, she must why this Court should not dismiss her case under Rule 4(m). Finally, the Clerk shall comply with note 1, *supra*.

This /6 day of July, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a).

[6] The ADA provides the same statute of limitations, as it expressly incorporates the enforcement mechanisms contained in Title VII, 42 U.S.C. § 2000e-5. *See* 42 U.S.C. § 12117(a); *see also Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir.1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964").

*Miller*, 2007 WL 812056 at * 2.